UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      CASE NO. 14-MC-50896
v.                                      HONORABLE GEORGE CARAM STEEH

RASHIDA TAYLOR,

        Defendant,

and STATE OF MICHIGAN
DEPARTMENT OF TREASURY,

        Garnishee.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR HEARING ABOUT GARNISHMENT (Doc. 3)**

On July 15, 2014, the government served a writ of continuing garnishment upon the Michigan Department of Treasury for any income tax refunds or other payments due to defendant Rashida Taylor. Defendant filed a request for a hearing about the garnishment on the grounds that she risks losing her home if the writ is not suspended. The government opposes the hearing sought. For the reasons set forth below, defendant's motion for a hearing shall be granted.

**FACTUAL BACKGROUND**

Defendant pled guilty and was convicted of one count of Theft of Government Property. She was sentenced to three years probation and ordered to pay a $25 special

assessment and $10,065 in restitution. Defendant still owes $7,967.51, including interest calculated through July 2, 2012, the date of her last payment.

## **ANALYSIS**

The government argues that defendant is not entitled to a hearing to challenge the garnishment of any tax refunds from the State of Michigan Treasury as her request does not fall within one of the two enumerated basis for such a hearing under 28 U.S.C. § 3202(d). The government is correct that § 3202(d) limits the issues for a garnishment hearing to determining the probably validity of any claim of exemption and the government's compliance with statutory requirements. 28 U.S.C. § 3202(d)(1) and (2). In this case, defendant has not claimed an applicable exemption nor challenged the government's statutory compliance. Thus, the government is correct that defendant is not entitled to a garnishment hearing under § 3202(d).

As the government recognizes, however, despite the narrow grounds for which a garnishment hearing is permitted under § 3202(d), district courts may consider a defendant's inability to pay and may limit the government's enforcement remedies under 28 U.S.C. § 3013. *United States v. Ogburn*, 499 F. Supp. 2d 28 (D.D.C. 2007); *United States v. Kaye*, 93 F. Supp. 2d 196, 198 (D. Conn. 2000). Indeed, the court retains broad discretion to temporarily suspend or modify a writ of garnishment under § 3013 which provides:

> The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under [28 U.S.C. § 3001 *et seq.*].

The government argues that the garnishment of defendant's tax refunds here provides a reasonable and predictable recovery of her restitution obligation as the refunds are not part of her current income stream.  Whether the garnishment is reasonable, or whether given defendant's current financial situation, it risks causing her to lose her home, as she asserts in her petition, is a fact question deserving of a hearing under § 3013. Accordingly, defendant's motion for a hearing about the garnishment (Doc. 3) is **GRANTED** and a hearing shall be scheduled forthwith at a date and time to be set forth in a separate order entered this same date.

    **IT IS SO ORDERED**.

Dated:  August 19, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 19, 2014, by electronic and/or ordinary mail and also on Rashida Taylor, 2142 Canton, Detroit, MI  48207.

s/Barbara Radke
Deputy Clerk

---